**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-61110-CIV-DAMIAN**

**DANIEL DOMINGO BRITO SOLIS,**

     Petitioner,

v.

**GARRETT RIPA,** *et al.*,

     Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before the Court on Petitioner, Daniel Domingo Brito Solis's ("Petitioner"), Petition for Writ of *Habeas Corpus* [ECF No. 1] (the "Petition"), filed on April 15, 2026. This Court entered an Order to Show Cause, and on April 24, 2026, Respondents filed a Response to this Court's Order to Show Cause [ECF No. 4 ("Response")]. Petitioner has not filed a reply.

THE COURT has reviewed the Petition, the parties' briefing, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

### I.   BACKGROUND

Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Broward Transitional Center in Pompano Beach, Florida. Pet. ¶ 4. Petitioner is a citizen and national of Guatemala who entered the United States on or around December 24, 2010 without inspection and has been residing in South Florida for approximately fifteen years. *Id.* ¶ 39. He lives in Miami with his partner and six-year-old U.S. citizen son, who has been diagnosed with autism. *Id.* ¶ 42. Petitioner has no criminal record. *Id.* ¶ 43. The record

reflects that Petitioner was taken into ICE custody on or about July 29, 2025, while he was walking through the parking lot into his workplace at a restaurant. *Id.* ¶ 40.

On April 15, 2026, Petitioner filed the instant Petition, challenging the legality of his continued detention. *Id.* at 8-10. Petitioner contends that his detention violates the Immigration and Nationality Act ("INA") and due process by detaining him under the incorrect statutory authority. *Id.* at 8-9. He requests immediate release from detention with or without a bond hearing. *Id.* at 9.

Respondents filed an abbreviated Response to the Court's Order to Show Cause. Neither the Petition nor the Response provide details regarding Petitioner's immigration status nor the charging documents under which he was taken into immigration custody. Respondents appear to acknowledge that Petitioner is being held without bond under 8 U.S.C. § 1225(b)(2)(A). Respondents assert that Petitioner's detention is authorized under 8 U.S.C. § 1225(b)(2) because he is an alien present in the United States without having been admitted or paroled. ECF No. 4 at 2. Under that framework, Respondents contend that Petitioner is subject to mandatory detention and is not entitled to a bond hearing. *Id.* at 2-3. At the same time, Respondents acknowledge that courts within this District (including this Court) have reached differing conclusions as to whether detention in these circumstances is governed by § 1225(b)(2) or by 8 U.S.C. § 1226(a), which permits release on bond. *Id.* at 2-5.

## II.     LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.

*See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   DISCUSSION

At the outset, as noted by Respondents, this Court has previously addressed the issues raised in the Petition in this case in numerous other cases,[1] and as previously indicated, the undersigned agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369, at \*5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.). As the Eleventh Circuit recently acknowledged, the majority of District Courts throughout the country that have analyzed this issue have rejected the Government's position in *Matter of Hurtado*, and "the federal appellate courts are divided as to the applicability of §§ 1225(a) and 1226(a)." *Labrada-Hechavarria v. U.S. Att'y Gen.*, No. 23-13664, 2026 WL 496486, at \*2 (11th Cir. Feb. 23, 2026).[2] This Court

---

[1] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026); *Mejia v. Lyons, et al.*, No. 26-60258-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Apr. 3, 2026); *Alvarado Gadea v. Mullin, et al.*, No. 26-60994-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Apr. 28, 2026).

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

This Court points out that it is aware that in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit adopted the BIA's analysis in *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), and that in *Herrera Avila v. Bondi*, No. 25-3248 (8th Cir. Mar. 25, 2026), the Eighth Circuit reached the same conclusion regarding the application of § 1225(b)(2)(A), that an "applicant for admission" is also an alien who is "seeking admission." This Court is also aware that the Respondents have appealed to the Eleventh Circuit district court judgments that 8 U.S.C. § 1226(a) governs detentions under circumstances similar to those presented here. *See Hernandez Alvarez v. Warden, Federal Detention Center Miami*, No. 25-14065 (11th Cir.), and *Cerro Perez v. Assistant Field Office Director*, No. 25-14075 (11th Cir.). In the absence of a binding decision from the Eleventh Circuit or the United States Supreme Court, this Court's analysis does not change based on these cases.

This Court has also previously addressed Respondents' argument regarding the failure to exhaust administrative remedies under circumstances like those presented here. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that

administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)).

The BIA issued *Matter of Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see id.* § 1003.1(d)(1). Thus, considering *Matter of Yajure Hurtado*, it is obvious that an alien in Petitioner's situation, who has resided in the United States for years prior to his recent detention, but has not been admitted or paroled, will be subject to mandatory detention without bond under Section 1225(b)(2) upon review by the BIA. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. at 221. Many other courts, including those in this District, have found that any exhaustion requirements are excused for futility because the result of Petitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*. *See, e.g.*, *Puga v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Ardon-Quiroz v. Assistant Field Dir.*, No. 25-cv-25290, 2025 WL 3451645, at *4-5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *9–10 (D. Nev. Sept. 17, 2025). This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition.

Because this Court finds in favor of Petitioner on the first grounds raised in the Petition and will grant the relief he seeks, this Court declines to analyze the other bases for relief asserted in the Petition.

## IV.    CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the Immigration Court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **May 14, 2026**. It is further

**ORDERED** that on or before **May 29, 2026**, Respondents shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Respondents shall confer with Petitioner prior to filing the Status Report and must include a certification therein that the Petitioner does not object to the representations made regarding the status of this case. It is further

The Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 5th day of May, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**